United States District Court
for the
Southern District of Florida

| Phyllis W. Sloan, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-21517-Civ-Scola |
| | ) | |
| Miami-Dade County, | ) | |
| Defendant. | ) | |

## Opinion Order On Motion To Dismiss

Plaintiff Phyllis Sloan ("Sloan") brings this action asserting claims under the Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disability Act of 1990 ("ADA") against her employer, Defendant Miami-Dade County (the "County").

Sloan twice amended her complaint, and now before the Court is the County's motion to dismiss (the "Motion," ECF No. 22) the Second Amended Complaint (the "SAC," ECF No. 20). Having considered the parties' submissions and the applicable law, the Court **denies** the Motion (**ECF No. 22**) as follows.

### 1. Background[1]

Sloan began working for the Miami-Dade County Fire Rescue Department (the "Department") in 1997, and remains employed by the Department as a Fire Fighter and Foam Truck Driver. (ECF No. 20 at ¶¶ 17, 18.) Over the course of her employment with the County, a male supervisor allegedly flirted with Sloan and "made many sexual advances" and other "sexually-charged" comments to her. (ECF No. 20 at ¶ 24.)

Sloan claims to be physically disabled as a result of "chronic lateral epicondylitis" in her right elbow, plantar fasciitis and acute bronchial spasms. (*Id.* at ¶¶ 25-27.) The County is allegedly aware of these ailments, which Sloan submits do not hinder her "perform[ance of] the essential functions of her job as a Fire Fighter and Foam Truck Driver." (*Id.* at ¶ 28.)

In early 2015, Sloan filed a charge with the Equal Opportunity Employment Commission ("EEOC") complaining of discrimination based on her

---

[1] The Court accepts as true the facts pled in the SAC. *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

sex and physical disabilities. (*Id.* at ¶ 29.) Because of that EEOC charge, Sloan claims that her supervisor took retaliatory action against her by, for example, denying her requests for outside employment. (*Id.* at ¶¶ 31, 33.) Sloan alleges she was later approved for outside employment, but only after "she complained that her male counterparts would be approved for outside employment." (*Id.* at ¶ 33.)

More than a year after that, in October 2017, Sloan "accidentally bumped a gate crossing guard and caused minor damage" to a "large truck" she was driving. (*Id.* at ¶ 34.) Sloan allegedly faced discipline for that accident while male counterparts did not under similar circumstances. (*Id.* at ¶ 36.) She claims this disparity is a result of her sex and in retaliation for her earlier EEOC charge. (*Id.*)

In March 2018, Sloan filed another EEOC charge for discrimination after the County denied her request for outside employment based on excessive work absences. (*Id.* at ¶ 38.) Three male fire fighters with similar absences were allegedly approved for outside employment at that time. (*Id.*) Additionally, Sloan claims that she was denied promotions because of her complaints to the EEOC. (*Id.* at ¶ 40.)

Four claims are asserted in the SAC: Count I for "Discrimination Based on Sex Under Title VII"; Count II for "Discrimination Based on Disability Under the ADA and ADAAA"; Count III for "Retaliation Under Title VII"; and Count IV for "Retaliation under ADA/ADAAA." (ECF No. 20.)

The County moves to dismiss all claims, arguing: (1) that the SAC is inadequately plead and a shotgun pleading; and (2) that Count IV fails to state a claim. (ECF No. 22.) Sloan responds arguing that she has met the burden of Rule 8. (ECF No. 34.)

## 2. **Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's well-pled allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But, at bottom, Rule 8(a)(2) is satisfied where a complaint "give[s] the defendant fair notice of what the claim is and the

grounds upon which its rests." *LaCroix v. W. Dist. of Ky.*, 627 F. App'x 816, 818 (11th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### 3. Analysis

In the Motion, the County argues that the SAC is a shotgun pleading. Specifically, the County asserts that Counts I, II and III impermissibly commingle a "hodgepodge" of legal theories and employment actions into single counts, in violation of Rules 8 and 10. (ECF No. 22 at pp. 6-8.) As for Count IV, the County argues that that count fails to state a claim for retaliation under the ADA and requires dismissal. (*Id.*) The Court disagrees on both points.

Count I for "Discrimination Based on Sex Under Title VII" is sufficiently pled. (ECF No. 20 at pp. 7-9.) Although numerous legal terms are larded throughout Count I, the theory of Sloan's claim is clear:

> Had Plaintiff not been female, she would not have been subject to disparate treatment based on her sex when she was disciplined for a training accident or when she was disapproved to have outside employment and threatened with 'administrative action.'

(*Id.* at ¶ 61.) The allegations of sexual harassment and hostile work environment may serve as a factual basis to support Sloan's theory of disparate treatment.

*Cf. Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 986 (1988) (In "'disparate treatment' cases," the "plaintiff is required to prove that the defendant had a discriminatory intent or motive."). To the extent Sloan intended to assert separate claims for sexual harassment or hostile work environment, she must seek leave of Court to file a third amended complaint.

Likewise, Count II does not violate Rules 8 or 10. The theory of that claim is that Sloan's physical ailments resulted in work absences and, ultimately, her being "subjected to disparate treatment" through the denial of her request for "outside employment." (*Id.* at ¶ 73.) As currently pled, the County has fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

Count III is also sufficiently pled. Through that count, Sloan alleges that she filed two complaints with the EEOC, which resulted in her being "subjected to disparate treatment," including discipline for the training accident and denial of outside employment. Those allegations also provide fair notice of the claim and grounds upon which it rests. *Id.*; (*see also* ECF No. 22 at p. 8 ("[I]t appears that this count attempts to allege two acts of retaliation: (1) the failure to provide outside employment in 2016, (2) the discipline in October 2017.").)

Finally, Count IV states a claim for retaliation under the ADA. Sloan alleges that she engaged in a protected activity in March 2018 by filing a complaint with the EEOC based in part on disability discrimination, and that she suffered an adverse employment action as a result through the denial of "outside employment." (ECF No. 20 at ¶¶ 87, 88, 90). Those factual allegations, accepted as true, state a claim for retaliation under the ADA. *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998) ("In order to establish a prima facie case of retaliation under the ADA, [a plaintiff] must show (1) that he engaged in statutorily protected activity; (2) that he suffered an adverse employment action; and (3) a causal link between the protected activity and the adverse action.").

### 4. Conclusion

In sum, the Motion (**ECF No. 20**) is **denied**. The County shall answer the SAC by March 19, 2019.

**Done and ordered** in chambers, at Miami, Florida, on March 5, 2019.

_____
Robert N. Scola, Jr.
United States District Judge