United States District Court
for the
Southern District of Florida

| Phyllis W. Sloan, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 18-21517-Civ-Scola |
| Miami Dade Fire Rescue, and others, Defendants. | ) ) ) | |

### Order on Motion for Summary Judgment

Plaintiff Phyllis Sloan ("Sloan") brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disability Act of 1990 ("ADA") against her employer, Defendant Miami-Dade County (the "County").

Now before the Court is the County's motion for summary judgment. (the "Motion," ECF No. 68.) Having considered the parties' submissions and the applicable law, the Court **grants** the Motion (**ECF No. 68**) for the following reasons.

### 1. The Undisputed Material Facts

Sloan is a female firefighter. She began working for the Miami-Dade County Fire Rescue Department (the "County") in 1997 and remains employed by the County. Sloan claims to be physically disabled as a result of "chronic lateral epicondylitis" in her right elbow, plantar fasciitis and acute bronchial spasms.

In early 2015, Sloan filed a charge with the Equal Opportunity Employment Commission ("EEOC") complaining of discrimination based on her sex and physical disabilities. Over two years later, in October 2017, Sloan was involved in a traffic accident, where she drove a County truck into a gate crossing guard, causing damage to the vehicle. A police report was made for the accident. A crash review panel determined that the accident was preventable. Because the accident was preventable, Sloan received a record of counseling in January 2018. The record of counseling stated that Sloan was being formally counselled regarding County rules requiring that personnel operate emergency vehicles and drive with extreme care at all times. The record of counseling did not result in any suspension and did not affect Sloan's pay or benefits.

At times during her employment with the County, Sloan received approval for outside employment. But Sloan never earned additional money through those jobs.

In January and July 2017, Sloan requested approval for outside employment. Both times the County conditionally approved her request but notified her that "future requests will be denied if you do not demonstrate improvement in your attendance" at work. Sloan again applied for approval for outside employment in January 2018. This request was denied in February 2018. The denial of outside employment had no effect on Sloan's salary or benefits as a County employee.

On March 2, 2018, Sloan filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), claiming she was retaliated against and faced workplace discrimination due to her sex and disability. (ECF No. 1-2 at p. 2.) On April 10, 2018, Sloan filed an internal discrimination complaint with the County's Human Rights and Fair Employment Practices Division. (*Id.* at p. 4.) This internal complaint was based on retaliation, as well as race, color and sex-based discrimination. On April 17, 2018, Sloan brought this federal action for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). (ECF No. 1.)

After Sloan twice amended, the operative complaint now asserts four claims under Title VII and the ADA. (ECF No. 20.) In Count I for "Discrimination Based on Sex Under Title VII," Sloan alleges that she faced disparate treatment based on her sex when she received the record of counseling and was disapproved for outside employment. (*Id.* at ¶ 61; ECF No. 60 at pp. 3-4.) Count II is a claim for "Discrimination Based on Disability Under the ADA and ADAAA" on a theory that Sloan's physical disabilities resulted in work absences and, ultimately, her being subjected to disparate treatment through the denial of her request for outside employment. (ECF No. 20 at ¶ 73; ECF No. 60 at p. 4.) For Count III, "Retaliation Under Title VII," Sloan claims to have been subjected to disparate treatment in retaliation for filing charges with the EEOC in 2015 and 2018, when the County issued the notice of counseling and denied her request for outside employment. (ECF No. 20 at ¶¶ 82-86; ECF No. 60 at p. 4.) Finally, in Count IV, Sloan brings a claim for "Retaliation under ADA/ADAAA" on the basis that she was denied outside employment in February 2018 in retaliation for filing an EEOC complaint in March 2018. (ECF 20 at ¶¶87-91; ECF No. 60 at p. 4.)

The County seeks summary judgment on all claims on a variety of bases. As relevant to this order, the County claims it is entitled to summary judgment in this case because Sloan fails to establish that she suffered an adverse employment action, as is necessary to make a *prima facie* case for each of her four claims under Title VII and the ADA.

## 2. Summary Judgment Standard

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323–24. The nonmovant's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court will not weigh the evidence or make findings of fact. *Id.* Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable fact finder could find for the nonmoving party. *Id.*

## 3. Discussion

### A. Count I for "Discrimination Based on Sex Under Title VII"

In Count I, Sloan brings a sex-based discrimination claim under Title VII. Specifically, Sloan argues that she was "subject to disparate treatment based on her sex when she was disciplined for a training accident" and "when she was disapproved to have outside employment and threatened with 'administrative action.'" (ECF No. 20 at ¶ 61.)[1]

To establish a prima facie case of discrimination under Title VII, Sloan must establish that she suffered an adverse employment action. *McCann v.*

---

[1] The Court previously construed Count I as a claim for disparate treatment, with instructions for Sloan to seek leave to file a third amended complaint to the extent she sought to pursue separate theories of hostile work environment and sexual harassment. (ECF No. 60 at p. 4.) Sloan did not seek leave to file a third amended complaint.

*Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008). An employment action is adverse if it results in a serious and material change in the terms, conditions, and privileges of employment. *Dixon v. Palm Beach Cty. Parks & Rec. Dep't*, 343 F. App'x 500, 502 (11th Cir. 2009).

Sloan did not suffer an adverse employment action. First, the record of counseling issued by the County after the truck accident did not result in "a serious and material change in the terms, conditions, and privileges of [her] employment." *Id.* Indeed, it is undisputed that the record of counseling had no effect on Sloan's pay or benefits, ability to be promoted, or ability to obtain outside employment or pay incentives with the County. (ECF Nos. 69, 75 at ¶¶ 17, 18; ECF No. 67-2 at 162:2-13; ECF No. 67-4 at 154:10-19); Fed. R. Civ. P. 56(C)(1)(a); S.D Fla. L.R. 56.1(a)(2), (b). Sloan does not proffer any evidence supporting that the record of counseling resulted in a serious and material change in her employment. As such, summary judgment is granted for the County on Count I to the extent that claim is predicated on the record of counseling. *Dixon*, 343 F. App'x at 502 (affirming summary judgment on Title VII discrimination claim and holding that record of counseling did not constitute an adverse employment action); *McGuire v. Miami-Dade Cty.*, 418 F. Supp. 2d 1354, 1361 (S.D Fla. 2006) (Martinez, J.) (the County's record of counseling was not an adverse employment action); *Kavanaugh v. Miami-Dade Cty.*, 775 F. Supp. 2d 1361, 1370 (S.D. Fla. 2011) (Turnoff, Mag. J.) (same).

Second, denial of outside employment cannot alone constitute an adverse employment action without Sloan demonstrating how that decision affected the "terms, conditions, or privileges" of her "position with the County." *Grant v. Miami-Dade Cty.*, 13-22008-CIV, 2014 WL 7928394, at *7 (S.D. Fla. Dec. 11, 2014) (Scola, J.). It is undisputed that the denial of outside employment in this case did not affect Sloan's salary or benefits with respect to her employment with the County. (ECF Nos. 69, 75 at ¶¶ 85; ECF No. 67-7 at 167:16-23); Fed. R. Civ. P. 56(C)(1)(a); S.D Fla. L.R. 56.1(a)(2), (b). Sloan presents no evidence to the contrary. Thus, the denial of outside employment was not an adverse employment action in this case. *Grant*, 2014 WL 7928394, at *7 (granting summary judgment for the County where the plaintiff failed to demonstrate how denial of outside employment affected the terms, conditions and privileges of his employment with the County).

There is no genuine dispute of material fact that the record of counseling and denial of outside employment were not adverse employment actions in this case. As such, Sloan has failed to demonstrate that she suffered an adverse employment action, as she must to establish a *prima facie* case of Title VII discrimination. Summary judgment is **granted** for the County on **Count I**.

### B. Count II for "Discrimination Based on Disability Under the ADA and ADAAA"

The County seeks summary judgment on Count II for a similar reason. In that count for discrimination under the ADA, Sloan claims that the County discriminated against her on the basis of a disability when it denied her requests for outside employment. (ECF No. 20 at pp. 9-11.) The County argues that the denial of outside employment is not an adverse employment action. To make out a *prima facie* case under the ADA, a plaintiff must establish, among other things, that she "has suffered an adverse employment action because of h[er] disability." *Doe v. Dekalb Cnty. Sch. Dist.*, 145 F.3d 1441, 1445 (11th Cir. 1998). "An employment action is considered 'adverse' only if it results in some tangible, negative effect on the plaintiff's employment." *Martin v. Eli Lilly & Co.*, 702 F. App'x 952, 956 (11th Cir. 2017) (citation omitted). As stated above, Sloan fails to demonstrate how the denial of her request for outside employment resulted in a tangible and negative effect on her employment *with the County. Id.*; *Grant*, 2014 WL 7928394, at *7. Without such a showing, Sloan has failed to adduce evidence sufficient to support a *prima facie* case. This is particularly true here, where the record reflects that outside employment never resulted in pecuniary gain to Sloan—indeed, she admits that in years-past she never earned any money from outside employment. (*See, e.g.,* ECF No. 67-7 at 143:15-22, 144:22-145:7.) Because Sloan does not demonstrate that the denial of outside employment was an adverse employment action, she fails to establish a *prima facie* case of discrimination under the ADA and summary judgment is **granted** for the County on **Count II**. *Martin*, 702 F. App'x at 956-59 (reversing and remanding with instructions to enter summary judgment for the defendant in ADA discrimination case where no reasonable jury could conclude that the plaintiff suffered an adverse employment action).

### C. Count III for "Retaliation Under Title VII"

Summary judgment is also granted for the County on Count III, the Title VII retaliation claim. The theory of that claim is that Sloan filed two complaints with the EEOC, which resulted in her being "subjected to disparate treatment," including discipline for the training accident and denial of outside employment. (ECF No. 20 at pp. 9-11.) The County raises a number of arguments in support of summary judgment on Count III, one of which is that the retaliatory acts identified by Sloan were not adverse employment actions.

"A *prima facie* case of retaliation under Title VII requires the plaintiff to show that: (1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there as a causal connection between the protected activity and the adverse employment action." *Crawford v. Carroll*, 529

F.3d 961, 970 (11th Cir. 2008). Under the second element, Title VII's antiretaliation provision "protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). In other words, to constitute an adverse employment action for the purposes of a Title VII retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (quotations and citation omitted).

Here, the record of counseling was not an adverse employment action for the purposes of Sloan's Title VII retaliation claim. As earlier noted, the undisputed evidence establishes that the record of counseling had no effect on Sloan's pay or benefits, ability to be promoted, or ability to obtain outside employment or pay incentives with the County. (ECF Nos. 69, 75 at ¶¶ 17, 18; ECF No. 67-2 at 162:2-13; ECF No. 67-4 at 154:10-19); Fed. R. Civ. P. 56(C)(1)(a); S.D Fla. L.R. 56.1(a)(2), (b). Because Sloan fails to rebut this evidence or otherwise show that a record of counseling produces a non-trivial injury or harm, that employment action cannot support her claim for Title VII retaliation. *Barnett v. Athens Reg. Med. Center, Inc.*, 550 F. App'x 711, 714-15 (11th Cir. 2013) (post-*Burlington*, employment actions were not material adverse where nothing in the record showed that they would have affected any future pay raise or future job status in any way). And a reasonable worker would not consider the denial of outside employment an adverse employment action under the circumstances of this case, where the record is undisputed that no pecuniary gained inured to Sloan from previously approved outside employment. *Id.*; (*see, e.g.,* ECF No. 67-7 at 143:15-22, 144:22-145:7.)

Moreover, the Court finds that neither the record of counseling nor the denial of outside employment would discourage a reasonable worker from complaining of discrimination under these circumstances. Indeed, Sloan herself lodged three separate complaints of discrimination within two and a half months of being denied outside employment. (ECF No. 1 (judicial complaint dated April 17, 2018); ECF No. 1-2 at p. 2 (EEOC charge of discrimination dated March 2, 2018); ECF No. 1-2 at p. 4 (County Human Resources employment discrimination complaint dated April 10, 2018)); *Tarmas v. Sec. of Navy*, 433 F. App'x 754, 763 (11th Cir. 2011) (negative performance review was not materially adverse employment action sufficient to support Title VII retaliation claim where the review did not dissuade the plaintiff from filing and pursuing his discrimination complaint); *Shannon v. Postmaster Gen. of U.S. Postal Serv.*, 335 F. App'x 21, 27 (11th Cir. 2009) ("Moreover, [plaintiff] filed his last two complaints after the alleged adverse actions, thus casting further doubt on

whether these actions are of the sort that might have dissuaded a reasonable worked from making a charge of discrimination." (quotations and citation omitted)). Sloan thus fails to make out a *prima facie* case of Title VII retaliation and summary judgment is **granted** for the County on **Count III**.

### D. Count IV for "Retaliation under ADA/ADAAA"

Count IV, for retaliation under the ADA, fails for the same reason as Count III. *See Palmer v. Albertson's LLC*, 418 F. App'x 885, 888 (11th Cir. 2011) ("Because the ADA's prohibition of retaliation is similar to the prohibition contained in Title VII, we assess ADA retaliation claims under the same framework we employ for retaliation claims arising under Title VII."); *Shannon*, 335 F. App'x at 26. The County is also entitled to summary judgment on Count IV because the allegedly protected expression (i.e. the filing of an EEOC charge in March 2018, (ECF No. 20 at ¶ 87)) post-dates the alleged act of retaliation (i.e. denial of outside employment in February 2018, (*id.* at ¶¶ 56, 90)). The County could not have retaliated against Sloan for making an EEOC charge that did not yet exist. *Manley v. DeKalb Cnty., Ga.*, 587 F. App'x 507, 512 (11th Cir. 2014) ("[I]f the retaliatory conduct occurred before the employee engaged in protected activity, the two events cannot be causally connected," and affirming summary judgment for defendant on Title VII retaliation claim). Summary judgment is **granted** for the County on **Count IV**.

### 4. Conclusion

In sum, the Court **grants** the Motion (**ECF No. 68**), finding that the County is entitled to summary judgment on all claims asserted in the second amended complaint (ECF No. 20). The **Clerk** is directed to **close** this case. All pending motions are denied as moot.

**Done and ordered**, in Chambers, at Miami, Florida on July 3, 2019.

Robert N. Scola, Jr.
United States District Judge