UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-CV-21517-SCOLA/LOUIS

PHYLLIS W. SLOAN,

    Plaintiff,

v.

MIAMI-DADE COUNTY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant Miami-Dade County's Motion for Bill of Costs and Defendant's Corrected Motion for Attorney's Fees (ECF Nos. 86 & 91). These matters were referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Robert N. Scola, United States District Judge, for a Report and Recommendation (ECF Nos. 87, 93). The Court has carefully reviewed the Parties' submissions and is otherwise duly advised in the premises. Upon consideration, the undersigned recommends that the Motions be GRANTED as follows.

## I.    BACKGROUND

Plaintiff Phyllis W. Sloan brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20003-2 ("Title VII"); Americans with Disabilities Act of 1990 ("ADA"); and the ADA Amendments Act of 2008, 42 U.S.C.A. § 121010 ("ADAAA").

1

In 2015, Plaintiff filed a charge with the Equal Opportunity Employment Commission ("EEOC") complaining of discrimination based on her sex and physical abilities. Two years later, Sloan was involved in a traffic accident, where she drove a County owned truck into a gate-crossing guard, causing damage to the vehicle. A police report was made for the accident and Plaintiff received a record of counseling in January 2018. The record of counseling stated that Plaintiff was being formally counselled regarding County rules requiring personnel to operate emergency vehicles and drive with extreme care at all times. The record of counseling did not result in any suspension and did not affect Plaintiff's pay or benefits.

In January and July 2017, Plaintiff requested approval for outside employment. Both times the County conditionally approved her request but notified her that future requests would be denied if her attendance did not improve. Plaintiff again applied for approval for outside employment in 2018 and the request was denied. The denial of outside employment had no effect on Plaintiff's pay or benefits.

On March 2, 2018, Plaintiff filed another charge with the EEOC. This time Plaintiff claimed she was retaliated against for her original claim and faced workplace discrimination due to her sex and disability. In April of the same year, Plaintiff brought this action for violations of Title VII of the Civil Rights Act of 1964. After twice amending her complaint, Plaintiff's Second Amended complaint asserted four claims under Title VII and the ADA.

The Court granted summary judgment in favor of Defendant Miami-Dade County (ECF No. 83). In all four counts, Judge Scola found that Plaintiff's record of counseling and denial of outside employment did not constitute adverse employment actions

because Plaintiff was unable to demonstrate how these decisions affected the terms, conditions, or privileges of her position with the County. Accordingly, a final judgment in favor of Defendant was entered on July 9, 2019 (ECF No. 85). Plaintiff has appealed the Order on Summary Judgment to the Eleventh Circuit Court of Appeals (ECF No. 88) and that appeal remains pending.

Defendant timely moved for costs in the amount of $5,716.41 and attorney's fees in the amount of $41,325.00 pursuant to 42 U.S.C. §§ 2000e-5(k), 12205; Federal Rule of Civil Procedure 54(d)(1), and Southern District of Florida Local Rule 7.3 (ECF Nos. 86, 91). Plaintiff Responded in Opposition to Defendant's Motion for Bill of Costs and Defendant's Motion for Attorney's Fees (ECF No. 98), to which Defendant timely replied (ECF No. 100).

## II.   DISCUSSION

### A. Defendant's Motion to Tax Costs

Pursuant to Rule 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). 28 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the authority found in Rule 54(d). The Court entered summary judgment in favor of the Defendant and against Plaintiff, therefore Defendant is a prevailing party and is entitled to an award of costs under Rule 54(d) and § 1920. *See Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995).

Local Rule 7.3(c) requires that within thirty days of entry of judgment, a bill of costs pursuant to 28 U.S.C. § 1920 shall be filed. Rule 7.3(c) also requires the parties to comply with Rule 7.1(a)(3), which requires the non-movant to confer in good faith.

3

Plaintiff's response to Defendant's Motion raises specific objections to some of the costs sought by Defendant and indicates no position on the others. The undersigned has reviewed all costs advanced to determine if they are recoverable and reasonable under § 1920. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (analyzing the defendant's specific requests for costs despite the plaintiff's failure to object to them).

Defendant has moved the court for $5,716.41 in taxable costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Southern District of Florida Local Rule 7.3(c), consisting of 1) $514.00 fees for service of summons and subpoena, 2) $5,003.25 fees for printed or electronically recorded transcripts necessarily obtained for use in the case, 3) $100.00 fees for witnesses, 4) $99.16 fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. It averred it was entitled to its costs because it was a prevailing party under Rule 54(d)(1).

Plaintiff does not contest Defendant's entitlement to an award of costs but objected to certain costs incurred as part of the depositions taken: an attendance fee ($100.00), a Litigation Support fee[1] ($25.00), and the Shipping & Handling fee ($6.00) for her deposition; and the Litigation Support fee ($25.00) and the Shipping & Handling fee ($6.00) for Chief Paul Smith and Chief David Downey for a total of $193.00. Plaintiff argues that these costs are associated with expenses other than the transcripts themselves and thus are non-recoverable pursuant to § 1920. Plaintiff does not address

---

[1] The receipt which was provided by Defendant does not bear a "Litigation Support" fee for Plaintiff's deposition but does bear a "Litigation Package" fee for Plaintiff and a "Litigation Support" fee for Chief's Downey and Smith. *See* ECF No. 86-2 at 2-5.

4

any of the remaining $5,523.41 in fees claimed by Defendant.

Defendant responded with regards to Plaintiff's objections that the objections should be denied because Plaintiff never conferred regarding any of the objections to the costs sought citing to Local Rule 7.3(c).

### i. Subpoena Costs

Defendant seeks a total of $514.00 in subpoena costs, comprised of costs incurred in serving subpoenas upon certain medical providers listed by Plaintiff in response to an interrogatory requesting that she identify anyone who treated her for the compensatory damages in the case. Each of the subpoenas were served using a private process server, whose fees are recoverable as costs. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Further, each of the subpoenas at issue cost at most $60.00 which is permissible to recover as below the $65.00 amount charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114. *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation adopted*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017). Plaintiff raises no objection to any of the subpoena costs and the invoices provided by Defendant do reflect $514.00 in recoverable subpoena costs (ECF 86-4 at 1-9). The undersigned recommends awarding $514.00 in subpoena costs.

### ii. Court Reporter Fees and Deposition Transcripts

Defendant seeks $5,003.25 in costs incurred in the depositions of Plaintiff and witnesses Chief Paul Smith and Chief David Downey. Transcript fees are recoverable under the plain language of 28 U.S.C. § 1920(2), and courts have found that court reporter fees are also recoverable under the statute. *See Bannon*, 2017 WL 1395171, at

5

*10. However, miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("§ 1920 does not authorize recovery of costs for shipment of depositions").

Defendant provided two invoices for the deposition of Plaintiff, one for each day of her deposition (ECF No. 86-2 at 2-3). The first invoice relative to Plaintiff's deposition indicates a fee for the original certified transcript ($1,232.00), an attendance fee ($100.00), a litigation package fee ($25.00), and a shipping and handling fee ($6.00). The second invoice indicates an original transcript fee ($476.00), an attendance fee ($100.00), a litigation package fee ($25.00), shipping and handling ($6.00). While Defendant may recover the costs for transcripts and court reporter attendance fees, it may not recover the two, $6.00 fees for shipping and handling or the two, $25.00 litigation package fee, as these costs are not taxable under § 1920. These costs should be reduced by $62.00.

Defendant provided an invoice for Chief Smith and for Chief Downey (ECF No. 86-2 at 4-5). The invoices reflect a transcript fee ($875.00 and $864.00 respectively), a litigation support package fee ($25.00 per witness), and an electronic processing/archival/delivery fee ($6.00 per witness). While Defendant may recover the costs for transcripts, it may not recover the costs for litigation support or for electronic processing and delivery as these costs are not taxable pursuant to § 1920. These costs should be reduced by $62.00.

Accordingly, the undersigned recommends reducing the total amount sought and awarding Defendant $4,879.25 in transcript costs.

### iii. Printing/Copying Costs

Defendant seeks $99.16 in copying costs paid to custodians of medical records for copies of records concerning Plaintiff's medical conditions. Each provider was listed by Plaintiff in her response to an interrogatory requesting that she identify anyone who treated her "for the compensatory damages in th[e] case." Printing and copying costs are recoverable if they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) and (4). The party moving for costs has the burden to show that the copies for which reimbursement is sought were necessarily obtained for use in the case. *See Diaz v. AIG Mktg., Inc.*, No. 09-60011-CIV, 2010 WL 2541872, at *4 (S.D. Fla. June 1, 2010), *report and recommendation adopted*, No. 09-60011-CIV, 2010 WL 2541111 (S.D. Fla. June 22, 2010). In this district, printed pages and copies attributable to discovery, pleadings, correspondence, exhibits, documents tendered to the opposing party, copies, and documents prepared for the Court's consideration are all recoverable. *See Fla. Keys Citizens Coal., Inc. v. U.S. Army Corps of Engineers*, 386 F. Supp. 2d 1266, 1270 (S.D. Fla. 2005).

Having reviewed both the receipts attached to Defendant's bill of costs and Defendant's list of invoices attached to its verified motion, the undersigned is satisfied the printing and copy costs incurred by the identified medical providers were necessarily obtained for use in the case because the records were obtained in response to Plaintiff's response to interrogatories that the subpoenaed medical providers were relevant to Plaintiff's claim of disability. Accordingly, the undersigned recommends awarding

7

$99.16 in copying costs.

### iv. Witness Fees

Defendant seeks to recover witness fees in the amount of $100.00. Pursuant to § 1920, the Court may award "fees and disbursements for printing and witnesses." This fee is defined in 28 U.S.C. § 1821. In accordance with § 1821, a witness before a court or in a deposition is entitled to an attendance fee of $40.00 per day of attendance. A witness is also entitled to estimated "mileage allowed by law." Fed.R.Civ.P. 45(b)(1). Mileage must be estimated in accordance with the rates prescribed by the Administrator of General Services. 28 U.S.C. § 1821(c)(2). The rate was set at 58 cents per mile for 2019.[2] Accordingly, Defendant seeks to recover the $40 each for Chief Smith and Chief Downey and the $10 each for their mileage. As the fee must be tendered when the subpoena is served, the invoice for the private process server lists a witness fee of $50.00 for each Chief Smith and Chief Downey (ECF No. 86-4 at 7-8). The undersigned recommends awarding $100.00 in witness fees.

Therefore, the undersigned recommends Defendant's Motion to Tax Costs be **GRANTED** and Defendant be awarded a total costs award of **$5,592.41**.

### B. Motion for Attorney's Fees

Defendant moved for attorney's fees pursuant to 42 U.S.C. § 2000e-5(k) in the amount of $41,325.00. Defendant avers that it is entitled to attorney's fees because the statutes through which Plaintiff brought suit allow for reasonable attorney's fees to the defendant when a plaintiff brings a suit that is frivolous, unreasonable, or without

---

[2] *See* Privately Owned Vehicles (POV) Mileage Reimbursement Rates, https://www.gsa.gov/travel/plan-book/transportation-airfare-rates-pov-rates/privatelyowned-vehicle-pov-mileage-reimbursement-rates

foundation. Defendant argues that Plaintiff's suit was frivolous because she 1) never made out a *prima facie* case for any of her claims, 2) Defendant never offered to settle except for a mutual dismissal with each party to bear its own costs, which is consistent with frivolity, and 3) the case was dismissed before trial. Additionally, Defendant contends that Plaintiff waived any objections by failing to engage in the mandatory conferral process required by Local Rule 7.3(b).

Plaintiff responded to Defendant's motion arguing that the standard by which the Court may shift attorney's fees is stringent and that despite the Court's entry of judgment, Plaintiff's claims were not frivolous.

### i. Entitlement to Fees

Title VII provides that the court "may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs" 42 U.S.C. § 2000e-5(k). A prevailing defendant seeking fees must show that plaintiff's claim "was frivolous, unreasonable, groundless, or that plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978). Accordingly, in the Eleventh Circuit, a district court may award attorney's fees to a prevailing defendant upon a finding that plaintiff's lawsuit was "frivolous, unreasonable or without foundation." *Sullivan v. Pinellas County*, 773 F.2d 1182, 1188 (11th Cir. 1985). The Supreme Court has cautioned, however, that "in applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22. "A plaintiff's claim should not be considered

groundless or without foundation when the claims are meritorious enough to receive careful attention and review." *Barthlow v. Jett*, No. 3:06-CV-1056-J-33JRK, 2008 WL 3889608, at *4 (M.D. Fla. Aug. 20, 2008).

Although the determination of whether to assess attorney's fees requires case by case analysis, three general factors guide the inquiry: 1) whether the plaintiff established a *prima facie* case, 2) whether the defendant offered to settle, and 3) whether the trial court dismissed the case prior to trial or held a trial on the merits. *Sullivan*, 773 F.2d at 1189. These factors are "general guidelines only, not hard and fast rules." *Id.* As such, in applying these factors, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Id.* (internal citations omitted). Findings of frivolity have been sustained when either a motion for summary judgment or a motion for involuntary dismissal has been granted in instances where the plaintiff did not introduce any evidence to support its claim. *See Wallace v. City of Tarpon Springs*, No. 805-CV-979T-EAJ, 2007 WL 2265617, at *2 (M.D. Fla. Aug. 6, 2007) (citing *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995).

Defendant avers in its motion that Plaintiff failed to meet any of the *Sullivan* factors because Plaintiff failed to make a *prima facie* case, any settlement offer was a "walk-away" offer, and the case was dismissed before trial. Plaintiff avers that an award of attorney's fees would be engaging in *post hoc* reasoning because Judge Scola's reasons for granting summary judgment did not turn on the sufficiency of the evidence, rather determinations of law that she did not suffer from an adverse employment action. Finally, Plaintiff argues that if Defendant had a basis for asserting frivolity, it would

have, or should have asserted so through a Rule 11 motion for sanctions.

As to the first and third *Sullivan* factors – whether Plaintiff could establish a *prima facie* case, and whether the trial court dismissed the case prior to trial—Plaintiff was not able to establish a *prima facie* case against Defendant and Judge Scola granted summary judgment prior to reaching trial. In the Order Granting Summary Judgment, Judge Scola states with respect to counts I-III that Sloan failed to demonstrate that her record of counseling was an adverse employment action and therefore failed to establish a *prima facie* case. *See* ECF No. 83 at 3-6. As to count IV, the Court stated that it failed "for the same reasons as Count III" but further finding that, "[t]he County could not have retaliated against Sloan for making an EEOC charge that did not yet exist." *See* ECF No. 83 at 7.

Although Plaintiff contends that whether she suffered an adverse employment action turns on a legal conclusion, Judge Scola's determination that as a matter of law the record of counseling was insufficient to prove an adverse employment action was predicated on the evidence presented by Plaintiff, or more specifically, the lack of evidence that it affected her pay, benefits, or ability to be promoted.

Likewise, with regards to her claims of retaliation, the Court found that Plaintiff had adduced no evidence that the record of counseling and her denial of outside employment had any effect on her pay, benefits, or ability to be promoted. As particular to the denial of outside employment, the Court found that it would not have discouraged a reasonable worker from complaining of discrimination and that the undisputed evidence showed that Plaintiff complained three times after within two and a half months of being denied outside employment. Because the entry of judgment reflects

11

Plaintiff's inability to make out a *prima facie* case, I find that the first and third *Sullivan* factors weigh in favor of Defendant.

As to the second *Sullivan* factor—whether Defendant offered to settle the case—although Defendant did make an offer to jointly walk away from the case with each party to bear its own costs, this offer was for no payment of money, and did not provide any other indicia of acknowledgement of wrong-doing or exposure of liability. Plaintiff does not refute this. As such, I find that the second factor also weighs in favor of Defendant.

As the Court has noted, the *Sullivan* factors are instructive but not determinative and the decision to award attorney's fees should be done on a case by case basis. *Sullivan*, 773 F.2d at 1188. Plaintiff makes two additional arguments that she avers demonstrates a lack of frivolity. First, that her motion to dismiss demonstrates that her claim was sufficiently pled, and second, that Defendant never moved for sanctions under Federal Rule of Civil Procedure 11 alleging frivolity. The Court does not find that these are sufficient to overcome the *Sullivan* factors weighing against Plaintiff. As to the motion to dismiss, the Eleventh Circuit has made clear that whether claims survive a motion to dismiss is not evidence that the suit was not frivolous. *See Greene Dreams Shoe Care Ctr., Inc. v. Miami-Dade Cty., Fla.*, No. 1:13-CV-22231-UU, 2015 WL 519046, at *1 (S.D. Fla. Feb. 4, 2015) (citing *Vavrus v. Russo*, 243 F. App'x 561, 564 (11th Cir. 2007) ("Defendant's motion to dismiss does not indicate that the suit was *not* frivolous. At that early stage, the district court must accept as true the plaintiff's well-pleaded factual allegation.")). As to the Rule 11 claim, nothing in the statute requires a party to move for Rule 11 sanctions in order to show frivolity under the prevailing party

12

provisions of the ADA or Title VII. Nor does Plaintiff cite any support for her argument that a finding of frivolity requires this procedural step.

Therefore, the undersigned recommends finding that Defendants be entitled to attorney's fees.

### ii. Amount of Attorney's Fees

In determining an appropriate attorney's fees award, the courts employ the lodestar method. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (the 'lodestar figure has, as its name suggests, become the guiding light of fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee"). This method allows for a reasonable estimate of the value of an attorney's service because the movant submits evidence "supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). If the movant's documentation of hours worked is inadequate, "the district court may reduce the award accordingly." *Id.*

The lodestar method requires the Court first determine an attorney's reasonable hourly rate, and to multiply that rate by the number of hours reasonably expended. *See, e.g., Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Harbaugh v. Greslin*, 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005). Following the Court's calculations, "the court must next consider the necessity of an adjustment for results obtained." *Norman*, 836 F.2d at 1302. Accordingly, when awarding fees, the Court must allow meaningful review of its decision and "articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Id.* at 1304 (citation omitted).

Additionally, in this district, Local Rule 7.3(b) states that "[t]he respondent shall

13

describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount and shall provide supporting legal authority."

### a. The Hourly Rates for Miami-Dade County's Attorney is Reasonable

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1299). The relevant market is "the place where the case is filed." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (internal quotation marks and citation omitted). Several factors may be considered in arriving at that prevailing market rate, as set forth in *Johnson v. Florida*, 348 F.3d 1334, 1354 (11th Cir. 2003). The movant is required to submit to the Court satisfactory evidence to establish that the requested rate accurately reflects the prevailing market rate. *See Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman*, 836 F.2d at 11299 (finding that the burden lies with the fee applicant "of producing satisfactory evidence that the requested rate is in line with prevailing market rates" and "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits."). Ultimately, the Court remains an expert on the issue of hourly rates in its community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303).

Miami-Dade County seeks an award of $41,325.00 for attorney's fees incurred since the inception of this litigation. Although Defendant is represented by a

government attorney who generally does not have an established hourly rate, Defendant argues that the hourly rate of $350.00 for Assistant County Attorney Ezra S. Greenberg is reasonable based on his credentials, skills, experience, and the caliber of the work performed. Plaintiff has not contested the reasonableness of this rate.

The hourly rate for Defendant's attorney is reasonable. Mr. Greenberg was admitted to the Florida bar in 2010 and has been employed by Defendant since 2012 (ECF No. 91-1 at ¶¶ 2, 5). Since joining the County Attorney's Office, Mr. Greenberg has appeared as counsel of record in close to three dozen cases before this Court and numerous cases in state court, arbitrations, and appeals (ECF No. 91-1 at ¶ 8). Prior to joining the County Attorney's Office, Mr. Greenberg served as a law clerk in this District from 2009 until 2012 (ECF No. 91-1 at ¶ 7). Although $350 seems to be the highest that a court in this district has thus far awarded Mr. Greenberg, Plaintiff has not objected to the rate and this Court finds it otherwise reasonable for an attorney of Mr. Greenberg's skill and experience. *See AHE Realty Assoc., LLC. v. Miami-Dade County*, Case No. 18-20177, ECF No. 88 at 9-10 (S.D. Fla. Feb 14, 2019), *report and recommendation adopted* ECF No. 90 (S.D. Fla. Mar. 19, 2019) (awarding a fee of $300 for Mr. Greenberg); *Smith v. Miami-Dade County*, No. 13-21986-CIV, 2014 WL 11894427, at *5 (S.D. Fla. Oct. 14, 2014), *report and recommendation adopted*, No. 13-CV-21986-UU, 2014 WL 11879594 (S.D. Fla. Dec. 1, 2014) (same).

### b. Defendant's Attorney Expended a Reasonable Number of Hours

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended in the litigation. The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to

15

one's adversary irrespective of the skill, reputation, or experience of counsel." *A.C.L.U. of Ga.*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (emphasis in original). The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award. *A.C.L.U. of Ga.*, 168 F.3d at 428. If the fee applicant fails to exercise required billing judgment, the Court is obligated to "[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary." *Id.* As in the analysis of reasonable hourly rates, the Court is presumed to be an expert in reviewing the number of hours expended on litigation for attorney's fees. *Norman*, 836 F.2d at 1303. Accordingly, it is "perfectly proper to award attorney's fees based solely on affidavits in the record." *Id.* at 1303.

Defendant contends that 117 hours was a reasonable and necessary time for its legal defense (ECF No. 91-1 at ¶ 11). Indeed, Defendant's counsel notes that these hours "represent an extremely conservative estimate of the attorney hours actually incurred in defense of this case" (ECF No. 91-1 at ¶ 11). Also, Defendant's counsel explains that although its attorneys do not generally keep time records because they are government attorneys, he was able to calculate the time spent defending this case based on a review of documents and that any doubts regarding the amount of time spent in litigation has been resolved against including the time (ECF No. 91-1 at ¶ 10). Plaintiff did not object to the amount of time claimed by Defendant's counsel.

The undersigned finds Defendant's methodology adequate and reliable for purposes of determining the reasonableness of Defendant's request for attorney's fees.

*See Jean v. Nelson*, 863 F.2d 759, 772 (11th Cir. 1988) ("[C]ontemporaneous time records are not indispensable where there is other reliable evidence to support a claim for attorney's fees."); *Smith*, 2014 WL 11894427, at *5. The Court also reviewed the pleadings in the underlying matter and the representations made by Defendant's counsel as to the method by which he determined his fees. Based on my review of the record, the argument by Defendant's counsel, and the lack of objection by Plaintiff's counsel, the undersigned finds that the hours spent, although many, were reasonable and necessary based on Plaintiff's litigation strategy.

Plaintiff failed to comply with its obligations under Local Rule 7.3(b). Plaintiff could have and should have lodged its objections to the time entries, as the Local Rule contemplates, with counsel for Defendant before the motion was filed. Local Rule 7.3's requirements are mandatory, not optional. *Club Madonna, Inc. v. City of Miami Beach*, No. 1323762, 2015 WL 5559894, at *9 (S.D. Fla. Sept. 22, 2015); *see Sriskada v. Harbor Pita, Inc.*, No. 14–20526–CIV, 2014 WL 3908206, at *1 (S.D. Fla. Aug. 11, 2014); *see also Maale v. Kirchgessner*, No. 08–80131–CIV, 2011 WL 1549058, at *5 (S.D. Fla. Apr. 22, 2011). Accordingly, the undersigned finds no basis for denying or reducing Defendant's attorney's fees as the fees sought are reasonable.

## III. RECOMMENDATION

Based on the foregoing considerations, I recommend that Defendant's Motion to Tax Costs (ECF No. 86) be **GRANTED** and Defendant should be awarded **$5,592.41** in costs, plus interest, from the date of the judgment. *See Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("[W]hen a district court taxes costs

against a losing party, the award of costs bears interest from the date of judgment.").[3] Further, Defendant's Corrected Motion for Attorney's Fees (ECF No. 91)[4] be **GRANTED** and Defendant should be awarded **$41,325.00** in attorney's fees.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Robert N. Scola, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and ORDERED** in Chambers at Miami, Florida this 24th day of January 2020.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Robert N. Scola
Counsel of Record

---

[3] Defendant's Motion also requests this Court to order Plaintiff to complete Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet). Because this Report and Recommendation does not constitute a money judgment, the Court declines to make such an order at this time.

[4] Defendant filed both a Motion for Attorney's Fees (ECF No. 90) and a Corrected Motion for Attorney's Fees. The undersigned is unable to tell what if any corrections were made. The undersigned recommends the Motion for Attorney's Fees be DENIED as moot.