United States District Court
for the
Southern District of Florida

| Phyllis W. Sloan, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 18-21517-Civ-Scola |
| | ) | |
| Miami Dade County, Defendant. | ) | |
| | ) | |

## **Order Adopting the Magistrate's Report and Recommendations**

This matter was referred to United States Magistrate Judge Lauren F. Louis for a report and recommendation. On January 24, 2020, Judge Louis issued a report, recommending that the Court grant the motion for attorney's fees and award the Defendant attorney's fees in the amount of $41,325.00, and to grant in part the motion for costs and award costs in the amount of $5,592.41. (Report & Recommendations, ECF No. 102.) The Plaintiff Phyllis W. Sloan filed objections to the Report and Recommendations, arguing that the Defendant is not entitled to attorney's fees because it is not the prevailing party (ECF No. 104). The Miami Dade County (the "County") responded to the objections on March 5, 2020.

A prevailing defendant seeking fees must show that plaintiff's claim "was frivolous, unreasonable, groundless, or that plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978). Judge Louis analyzed the three factors that the Eleventh Circuit has determined are "important" but not necessarily determinative for a finding that a defendant's case is frivolous—"(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to a trial or held a full-blown trial on the merits." *Sullivan v. School Bd. Of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985). Judge Louis determined that all three factors weighed in favor of finding the case to be frivolous because Sloan failed to establish a prima facie case, the defendant did not offer any money as settlement, and this Court granted summary judgment in favor of Miami Dade County. Nevertheless, Sloan argues that her suit is not frivolous because (1) the Court determined her claim to be sufficiently pled at the motion to dismiss stage and because (2) the Plaintiff never filed a Rule 11 motion for sanctions. (ECF No. 104 at 8-9.) The Court will address each argument in turn.

That a plaintiff's "claims survived [a] motion to dismiss does not indicate that the suit was not frivolous." *Vavrus v. Russo*, 243 F. App'x 561, 564 (11th Cir. 2007). "At that early stage, the district court must accept as true the plaintiff's well-pleaded factual allegations." *Id.* A complaint can survive a motion to dismiss even if the plaintiff is unable to produce any evidence of the well-pleaded allegations. "The Eleventh Circuit's holding in *Varus* makes clear that whether claims survive a motion to dismiss is not evidence that the suit was not frivolous." *Greene Dreams Shoe Care Ctr., Inc. v. Miami-Dade County, Fla.*, 2015 WL 519046, at *1 (S.D. Fla. Feb. 4, 2015) (Ungaro, J.). Here, Sloan failed to present any evidence to support some of her allegations. In its order granting the County's motion for summary judgment, the Court found that Sloan failed to present "any evidence supporting that the record of counseling resulted in a serious and material change in her employment." (ECF No. 83 at 4.) Therefore, she failed to demonstrate that she suffered an adverse employment action, which is needed to establish a prima face case for discrimination. (ECF No. 83.)

The Plaintiff also notes that the Defendant did not file a motion for rule 11 sanctions. Sloan "does not suggest that this would be a necessary prerequisite for the award of attorney fees" but instead argues that it is evidence that the County is engaging in a *post hoc* analysis. (ECF No. 104 at 9.) Sloan does not disagree with Magistrate Judge Louis's determination that this procedural step is not required in order to find that the County is the prevailing party. (ECF No 102 at 12-13.) Her argument instead is that the County did not "genuinely believe Plaintiff's claims were frivolous" or it would have filed a Rule 11 motion. (ECF No. 104 at 9.) The County did not know that many of the allegations in the complaint completely lacked evidentiary support until the close of discovery on April 16, 2019. (ECF No. 26.) Fourteen days later, the County filed its motion for summary judgment, and, after the Court granted the motion, it filed an appropriate attorney's fees motion. The Court declines to penalize the County for failing to file a premature Rule 11 motion before the close of discovery.

Having considered Judge Louis's report, the objections, the responses the record, and the relevant legal authorities, this Court finds Judge Louis's report and recommendation cogent and compelling. The Court **overrules** Sloan's objections and **affirms and adopts** Judge Louis's report and recommendation (**ECF No. 102**). The Court **grants in part** Miami Dade County's motion for costs (**ECF No. 86**) and **grants** its motion for attorneys' fees (**ECF No. 91**). Consistent with the report, the Court awards **$41,325.00** in attorneys' fees and **$5,592.41** in costs to Miami Dade County to be paid by the Plaintiff, Phyllis W. Sloan.

**Done and ordered** in chambers, at Miami, Florida, on March 9, 2020.

_____
Robert N. Scola, Jr.
United States District Judge